## Abstract of the Decision.

CONTRACTS, § 86*—*when promise to pay off incumbrance unsupported by consideration.* A promise by the widow of a deceased member of a religious congregation to pay off an incumbrance on church property in consideration of funeral rites performed and to be performed upon the deceased, and empowering the trustees of the congregation to enforce the promise, *held* not to be a promise by anybody to anybody, except to the maker thereof, and not founded upon a valid consideration.

---

## Charles Crum, Appellee, v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company, Appellant.

### (Not to be reported in full.)

Appeal from the County Court of Edgar county; the Hon. DAN V. DAYTON, Judge, presiding. Heard in this court at the April term, 1915. Reversed and remanded. Opinion filed October 13, 1915.

### Statement of the Case.

Action by Charles Crum, plaintiff, against the Cleveland, Cincinnati, Chicago & St. Louis Railway Company, defendant, for damages for failure to furnish proper cars for the shipment of live hogs. From a judgment for plaintiff, defendant appeals.

The declaration alleged that the defendant received from the plaintiff a number of live hogs for shipment from Paris, Illinois to East Cambridge, Massachusetts, and that the defendant failing in its duty to furnish proper cars, the plaintiff was compelled to and did ship them to Indianapolis, Indiana, and suffered damage as the result thereof.

It appeared from the evidence that plaintiff requested defendant to furnish double deck cars for

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

these hogs, but that plaintiff was unable to procure double deck cars, but did furnish single deck cars. It did not appear that plaintiff made any protest upon the character of the cars, but accepted the same and shipped his hogs to Indianapolis. Plaintiff testified upon direct examination that he ordered the cars for the purpose of shipping the hogs to East Cambridge, but on cross-examination he stated that he was not sure whether he ordered the cars in order to make the shipment to East Cambridge or to East Buffalo, New York. The records of defendant showed that his order was for cars in which to ship the hogs to East Buffalo, New York. The evidence showed that one carload of hogs was sold in Indianapolis at $9.50, and the second load at $8.95 per hundred pounds. Plaintiff further testified that just before he made the shipments he had telegrams from the J. P. Squire Company, pork packers at East Cambridge, that the price for top hogs at that place was $11.50 per hundred pounds dressed for pork. He also testified that the cost of shipping the hogs to East Cambridge would be about $2.50 or $2.60 per hundred, and that the freight rate was 32½ cents per hundred. A few of the hogs were sold to local parties at Paris, Illinois, for $8.50 per hundred pounds. There was no evidence as to what the hogs weighed at Indianapolis, or whether the price received for them there was for live hogs or for hogs dressed for pork. There was no evidence of the number or weight of the hogs sold at Paris. There was no evidence of any kind in regard to a shipment of hogs to East Buffalo, New York. There was no evidence that the cars furnished were not proper and suitable for the shipment of the hogs to East Cambridge except that of plaintiff himself.

GEORGE B. GILLESPIE, for appellant.

J. K. LAUHER, for appellee.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

## Abstract of the Decision.

1. WITNESSES, § 209*—*when cross-examination of witness improper.* Where, in an action by a shipper against a carrier for failure to furnish proper cars, the plaintiff, on being called by the defendant, testified as to the kind of cars he shipped in and that he made no complaint thereof, *held* that allowing him to state on cross-examination that such cars were not of the kind ordinarily used by well-regulated railroad companies for the purpose for which he desired them, and that cars of another kind were usually furnished for such purpose by well-regulated carriers, was improper.

2. DAMAGES, § 190*—*when evidence insufficient as basis for computation of damages.* In an action by a shipper against a carrier for failure to furnish cars suitable for the shipment of live hogs, *held,* that there was no evidence from which the jury could estimate damages.

---

**Harley J. White, Appellee, v. Margaret Holden, Appellant.**

### (Not to be reported in full.)

Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed October 13, 1915. Rehearing denied and opinion modified December 11, 1915.

## Statement of the Case.

Action of forcible entry and detainer by Harley J. White, plaintiff, against Margaret Holden, defendant. From a judgment for plaintiff, defendant appeals.

MURRAY & MORRISSEY, for appellant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.